UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOU UN WONG,<br><br>   Plaintiff,<br><br> v.<br><br>CHRISTINA K. DAWSON, et al.,<br><br>   Defendants. | Case No.  5:21-cv-01006-EJD<br><br>**SUA SPONTE REMAND ORDER** |

In this removed unlawful detainer action, the Court has reviewed the removed complaint and notice of removal. The Court finds that there is no federal jurisdiction over the state law unlawful detainer action and thus, this case is **DISMISSED SUA SPONTE** and **REMANDED** back to the Superior Court of California for the County of Santa Clara.

## I. BACKGROUND

The removed action ("State Court Action") was filed in the Superior Court of California for the County of Santa Clara on October 13, 2020 and asserts a claim against Christina K. Dawson, Alex Royappa, Daniel Royappa, and Amol Sinha (collectively "Defendants"), for unlawful detainer under California Code of Civil Procedure §1161(a). *See* Dkt. No. 1 (Notice of Removal). Plaintiff's sole claim was for unlawful detainer under state law to obtain possession of a recently foreclosed residential property at 1693 South Mary Ave., Sunnyvale, CA 94087. Plaintiff came into possession of this property through a trustee sale. The complaint alleges that Defendants owes Plaintiff: (1) restitution, (2) damages at the rate of $150.00 per day from October 9, 2020, through the date of restitution of possession or the date of judgment,, and (3) costs herein, and further relief as is proper.

1  In the notice of removal Defendants argued jurisdiction is proper based on several federal statutes. Dkt. No. 1 at 2-3. Defendants also assert that removal was proper because the Court has diversity jurisdiction. Defendants removed the action to federal court on February 9, 2021.

**II.  ANALYSIS**

  **A.  Legal Standard**

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. Generally, a defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Additionally, a district court may remand a case to state court sua sponte if it determines that jurisdiction is lacking. 28 U.S.C. § 1447(c); *see Smith v. Mylan, Inc.*, 761 F.3d 1042, 1043 (9th Cir. 2014).

  **B.  Removal Was Not Proper Under 28 U.S.C. § 1331**

Federal question jurisdiction exists when the plaintiff's case arises under federal law. 28 U.S.C. § 1331. "A case 'arises under' federal law within the meaning of § 1331 if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006)). Under this "well-pleaded complaint" rule, "the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'" *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir.

Case No.: 5:21-cv-01006-EJD
SUA SPONTE REMAND ORDER
2

2009) (quoting *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974)).

The single claim asserted by Plaintiff, for unlawful detainer, does not arise under federal law. *See Litton Loan Servicing, L.P. v. Villegas*, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011) (holding that unlawful detainer action under California Code of Civil Procedure §1161a did not arise under federal law). Further, Defendant's reliance on various federal statutes in the notice of removal does not establish the existence of a federal question because these statutes are, at most, grounds for asserting defenses or counterclaims to Plaintiff's claim. *See Provincial Gov't of Marinduque*, 582 F.3d at 1086.

### C. Diversity Jurisdiction

There is also no alternative basis for jurisdiction, such as diversity. Although the civil cover sheet that the Defendants filed upon removing the case to the Court does not give the parties' citizenship, the addresses that appear on the parties' filings indicate that both the Plaintiff and Defendants reside in California. Diversity jurisdiction does not exist in this case and thus, the action must be remanded.

### III. CONCLUSION

For the foregoing reasons, the case is **DISMISSED SUA SPONTE** and **REMANDED** back to the Superior Court of California for the County of Santa Clara.

**IT IS SO ORDERED.**

Dated: March 15, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-01006-EJD
SUA SPONTE REMAND ORDER

3